922 So.2d 411 (2006)
H.A.G., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1191.
District Court of Appeal of Florida, Second District.
March 8, 2006.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
H.A.G. appeals from a revocation of probation. Because the trial court did not conduct an inquiry into H.A.G.'s waiver of counsel until after the court elicited an admission to the violation of probation, we reverse.
The record does not reflect any discussion of H.A.G.'s right to counsel until after the trial court explained the allegations and asked if H.A.G. wanted to admit or deny. H.A.G. stated that he would admit the violations. The court then conducted a plea colloquy and asked if H.A.G. understood that he was giving up his right to an attorney for the purpose of the plea. This procedure was insufficient to ensure a voluntary waiver of counsel pursuant to Florida Rule of Juvenile Procedure 8.165. See State v. T.G., 800 So.2d 204, 211 (Fla.2001); C.K. v. State, 909 So.2d 602, 604 (Fla. 2d DCA 2005). The State concedes error. Accordingly, we reverse the revocation of probation and remand for further proceedings,
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.